UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CASE NO. C08-5352BHS |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| DANA M. RYAN, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's unopposed motion for summary judgment. Dkt. 7.

## I. BACKGROUND

Plaintiff provides the following factual and procedural background:

> On April 15, 1987, Defendant executed and delivered a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Student Loan Marketing Association (copy attached hereto as Exhibit B). [Dkt. 7-2 at 2]. The facts of this loan are established by the Certificate of Indebtedness. (See Exhibit A). [Dkt. 7-2 at 1]. The loan was disbursed for $26,735.52 on September 3, 1987, at 9.00% per annum. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note, and credited $0.52 to the outstanding principal owed on the loan. Defendant defaulted on the obligation on July 31, 1990, and the holder filed a claim on the loan guarantee.
> Due to this default, the guaranty agency paid a claim in the amount of $30,686.47 to the holder. The guarantor was then reimbursed for that claim payment by the Department of Education under its reinsurance agreement. Pursuant to 34 CFR § 682.410(b)94), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from borrower. The guarantor was unable to collect the full amount due and, on January 27, 1996, assigned its right and title to the loan to the Department of Education.

ORDER – 1

> The total balance as of March 19, 2008 was $66,146.50. Defendant has not disputed these facts.
>
> ***
>
> On June 3, 2008, the United States filed this action in the United States District Court, Western District of Washington at Tacoma, to collect an indebtedness from Defendant Ryan for non-payment of a promissory note executed and delivered to the United States Department of Education. [Dkt. 1]. Said indebtedness to the United States is supported in the Certificate of Indebtedness (copy attached hereto as Exhibit A) executed by Alberto Francisco, Senior Loan Analyst, U.S. Department of Education. [Dkt. 7-2 at 1].
>
> On June 27, 2008, Defendant Ryan filed a Notice of Appearance and Answer in response to the United States' Complaint. In the Answer, Mr. Ryan admitted each paragraph of the Complaint. [Dkt. 4]. Additionally, in correspondence dated July 7, 2008, to the United States Attorney's Office, Mr. Ryan stated that "I will agree to a judgment and am ready to make payments." (Exhibit 1 to Declaration of Shannon Connery). [Dkt. 7-3 at 3]. The United States Attorney's Office has attempted to contact Mr. Ryan to draft a consent judgment, however Mr. Ryan cannot be reached by telephone and he has not responded to correspondence. (Declaration of Shannon Connery). [Dkt. 7-3 at 2].

Dkt. 7, 1-3.

Plaintiff now moves for summary judgment against Defendant Dana M. Ryan. Plaintiff maintains that it is owed $66,136.50[1], comprised of $26,735.00 in principal and $39,401.50 in prejudgment interest to March 19, 2008, at 9.00% per annum. Dkt. 7-4 (Declaration of Amount Due). Interest is to accrue at 9.00% per annum until entry of judgment on the principal amount. *Id.* at 2. In addition, Plaintiff seeks (1) interest on the total judgment; (2) $350.00 in filing fees, pursuant to 28 U.S.C. § 2412(a)(2); and (3) $20.00 in docketing fees, pursuant to 28 U.S.C. § 1923. *Id.*

Plaintiff also states that, based on information provided to the United States Department of Education, Defendant is not believed to be an infant or incompetent person and is not in the military service within the purview of the Servicemembers' Civil Relief Act of 1940, as amended. *Id.*

## II. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

---

[1] The Certificate of Indebtedness also includes a $10.00 penalty, for a total of $66,146.50. Dkt. 7-2. Plaintiff requested $66,146.50 in its motion for summary judgment. Dkt. 7 at 4.

ORDER – 2

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

The Court concludes that Plaintiff is entitled to judgment as a matter of law. Defendant has not filed a response, he has admitted Plaintiff's claims, and he has informed Plaintiff that he agrees to judgment and is "ready to make payments." Dkt. 4 (Answer to Complaint); Dkt. 10 at 3 (Defendant's letter to Plaintiff); *see also* Local Civil Rule 7(b)(2) ("if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit").

### III. ORDER

Therefore it is hereby **ORDERED** that

Summary judgment (Dkt. 7) is **GRANTED** against Defendant in the amount of $66,146.50 to March 19, 2008, and 9.00% interest per annum on the principal amount of $26,735.00 to date of judgment, plus $370.00 in filing and docketing fees. This judgment shall bear interest at the rate specified in 28 U.S.C. §1961.

DATED this 4th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4